# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vida Ven,<br><br>        Petitioner,<br><br>v.<br><br>Luis Rosa, Jr., et al.,<br><br>        Respondents. | No. CV-25-03196-PHX-DWL (JZB)<br><br>**ORDER** |

On September 3, 2025, Petitioner, a native and citizen of Cambodia, filed this 28 U.S.C. § 2241 action, which seeks to enjoin his removal scheduled to occur on September 1, 2025. (Doc. 1.)  Petitioner also filed a Motion for Temporary Restraining Order seeking to enjoin his removal so that his motion to reopen his removal proceedings may be addressed by the Board of Immigration Appeals ("BIA").  (Doc. 2.)  Petitioner's motion must be denied and this action dismissed.

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3).  District courts are directed to screen habeas corpus petitions before requiring the government to file a response.  A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, foll. 28 U.S.C.

§ 2254.[1] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

Review in federal district court is not available, however, for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[2] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

Here, Petitioner fails to state a claim for habeas corpus relief under § 2241 given that he does not truly seek to challenge his detention but rather seeks to prevent his removal. Moreover, insofar as Petitioner seeks to challenge his removal, that challenge is barred from review under 8 U.S.C. §§ 1252(a)(5) and (b)(9). And even if it is sometimes possible, notwithstanding those jurisdiction-stripping statutes, to raise "purely legal arguments in challenging [a] removal," *Ibarra-Perez v. Holder*, __ F.4th __, 2025 WL 2461663, *7 (9th Cir. 2025), Petitioner does not articulate a colorable argument as to why a due process violation occurred in the course of executing his removal order, given that he was able—albeit unsuccessfully—to seek a motion for stay from the BIA just before filing this action. (Doc. 1 ¶ 2). For these reasons, Petitioner fails to state a colorable or cognizable claim for

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

[2] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

habeas corpus relief, the Petition will be dismissed, and the motion for TRO will be denied.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody (Doc. 1) and this action are **dismissed**.

(2) Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied**.

(3) The Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 3rd day of September, 2025.

Dominic W. Lanza
United States District Judge